UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KIRSTIN DECKER,<br><br>Defendant. | Case No. 1:18-cr-00216-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

# INTRODUCTION

Before the Court is pro se Defendant Kirstin Decker's Motion to Clarify Judgment (Dkt.86). The Court will deny Ms. Decker's motion for the reasons stated below.

# BACKGROUND

Ms. Decker pled guilty to Conspiracy to Distribute Methamphetamine in May 2019. *Minute Entry*, Dkt. 59. In October 2019, the Court sentenced Ms. Decker to 120 months incarceration but provided a recommendation to the Bureau of Prisons that "the defendant be given credit for all time served." *Judgment,* Dkt. 79. In the current motion, Ms. Decker says that BOP had not given her credit for the nine months that she spent in state custody on a federal detainer, pending

MEMORANDUM DECISION AND ORDER - 1

disposition of her case before this Court. *Motion,* Dkt. 86. Ms. Decker asks the Court to clarify for BOP that those nine months incarceration should count as time served toward her 120-month prison term.

## ANALYSIS

The Court's judgment did not explicitly *credit* Ms. Decker with time served. Rather, the judgment *recommended* that BOP give Ms. Decker credit for time served. This kind of recommendation is the Court's standard procedure because "[c]redit for time served is ... a matter which generally falls within the province of the Bureau of Prisons under 18 U.S.C. § 3585(b)." *U.S. v. Drake*, 49 F.3d 1438, 1440 (9th Cir.1995).

The Court cannot address Ms. Decker's broader question—whether or not BOP is following that recommendation—because she has filed her petition in the wrong court. Ms. Decker claims that she is entitled to credit for time served, which goes to the execution of her sentence rather than the sentence itself. *U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Accordingly, she must petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Id.* Any motion under § 2241 must be filed in a court with jurisdiction over the custodian or warden of Ms. Decker's facility. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973); see also *Brown v. U.S.*, 610 F.2d 672, 677 (9th Cir.1980). Although Ms.

MEMORANDUM DECISION AND ORDER - 2

Decker was sentenced in the District of Idaho, she must file her action in the District of Minnesota, which has jurisdiction over the custodian of FCI Waseca.

For these reasons, the Court will deny Ms. Decker's motion. Nothing in this order precludes Ms. Decker from filing a motion under 28 U.S.C. § 2241 in the proper court. However, she should bear in mind, that the District Court in this, and any other District, generally lacks the authority to require the Bureau of Prisons to give an inmate credit for time served.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Clarify Sentence (Dkt. 86) is **DENIED**.

DATED: January 24, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**