UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIRSTIN DECKER,<br><br>　　　　Defendant. | Case No. 1:18-cr-00216-AKB-2<br><br>**MEMORANDUM DECISION AND ORDER REGARDING DEFENDANT'S MOTION** |

　　Before the Court is Defendant Kirstin Decker's pro se motion. (Dkt. 90). For the reasons discussed, the Court denies Decker's motion.

## I.　BACKGROUND

　　In May 2019, Decker pled guilty to conspiracy to distribute methamphetamine. (Dkts. 59, 64). In October 2019, the Court sentenced Decker to 120 months of incarceration and recommended to the Bureau of Prisons (BOP) that Decker "be credited with all time served in federal custody." (Dkt. 79 at p. 2).

　　In September 2021, Decker filed a motion for clarification of her sentence, contending that she did not receive credit for time served in federal custody from BOP and requesting that the Court clarify for BOP that Decker's time in federal custody count toward time served on her sentence. (Dkt. 86; *see* Dkt. 88). The Court denied Decker's motion. (Dkt. 88). Like the prior motion for clarification, Decker's current motion requests the Court "issue a statement granting [her] the time served prior to sentencing rather than it be[ing] 'recommended.'" (Dkt. 90 at p. 1).

**MEMORANDUM DECISION AND ORDER** - 1

## II.  ANALYSIS

The Court's judgment did not credit Decker with time served but rather recommended to BOP that Decker receive credit for time served in federal custody.  (Dkt. 79 at p. 2).  Pursuant to 18 U.S.C. § 3585(b), a defendant shall receive credit for time served "as a result of the offense for which the sentence was imposed" if such time has not been credited against another sentence.  A district court, however, "cannot apply § 3585(b) at sentencing."  *United States v. Wilson*, 503 U.S. 329, 333 (1992).  Determining the amount of time served for which a defendant should receive credit, as well as giving a defendant such credit, is a responsibility of the Attorney General through BOP.  *Wilson*, 503 U.S. at 332-36; *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995).

Here, the Court recommended BOP give Decker credit for the time she served in federal custody, but the Court is unable apply any such credit to Decker's sentence.  *See Wilson*, 503 U.S. at 332-36.  Likewise, the Court is unable to review the Attorney General's execution of Decker's sentence through the motion currently before the Court.  *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984).  As the Court noted in denying Decker's previous motion, a defendant seeking review of the execution of her sentence may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  *See Giddings*, 740 F.2d at 772.  If Decker chooses to file a habeas petition, she must address it to the district court in the district where she is currently imprisoned.  *Id.*

## III. ORDER

Defendant Decker's Motion (Dkt. 90) is **DENIED**.  The Clerk is directed to mail a copy of this memorandum decision and order to Decker.

DATED: October 17, 2023

Amanda K. Brailsford
U.S. District Court Judge